ANDRÉS DE GRACIA TORRES, Petitioner, v. DISTRICT COURT OF HUMACAO, Defendant.

No. 308. Argued January 24, 1938.—Decided February 4, 1938.

C. H. Juliá for petitioner.   R. A. Gómez, Prosecuting Attorney, and Luis Janer Assistant Prosecuting Attorney, for respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On the 13th of December last there was filed in this Supreme Court an original petition of mandamus in which it was substantially alleged that petitioner Andrés de Gracia Torres was accused and prosecuted in the District Court of Humacao on September 3, 1936, for involuntary manslaughter, and that it was not until August 13, 1937, that the court set the cause for trial, for which reason the petitioner moved on the last above date for a dismissal of the case, relying

on Subdivision 2 of Section 448 of the Code of Criminal Procedure (1935 ed.), which provides as follows:

"The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1.— . . . . . . . . . . .

"2.—If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and. twenty days after the filing of the information."

It is further substantially alleged that after a date was set for the hearing of the motion the district attorney opposed the motion on the ground that it had been impossible for the court to act on the case owing to the excessive amount of work in said court, without advancing any other legal reason for the delay, and offered the testimony of the clerk of the court, who briefly testified that the court had had a long term of civil cases; that a large number of criminal cases had also been tried, including the misdemeanor cases of original jurisdiction in the district and those on appeal from municipal courts. He further submitted a statement of the cases filed and heard between September 3, 1936, and August 13, 1937, said statement reading as follows:

```
Felonies _____ 308
Misdemeanors filed by the district attorney_____ 201
Appeals from municipal courts_____ 298
                                                  ———
        Total_____ 807
```

and that out of the above cases the following had been decided:

```
Felonies _____ 111
Misdemeanors filed by the district attorney_____ 100
Appeals_____ 210
                                                  ———
        Total_____ 421
```

stating that during that same period of time there had been filed in the office of the clerk of the said court 902 civil cases, of which 594 had been decided;

That the petitioner countered that the foregoing was not justifiable ground for not trying the case within the legal term and attached a memorandum of authorities to that effect;

That the court dismissed the motion in the following words:

"At no time during the judicial year is this court in recess. It works continuously. Its daily tasks, as shown by the minutes, are great and difficult, hardly surpassed by those of any other court of similar jurisdiction in the Island, even including those courts with more than one judge. Its tasks include the hearing of criminal cases with or without a jury, misdemeanor cases originating in this court and appeals from municipal courts within the district, as well as the whole stream of civil cases of voluntary jurisdiction, cases by default and adversary suits, including every ancillary proceeding that comes up during the prosecution of such cases and which mostly require a separate hearing and determination. The above cases are dispatched following an order prescribed by law and by the rules of the court, in pursuance whereof the cases are set in accordance with their filing (criminal cases) or as issues are joined (civil cases), in each successive term respectively, except as provided by law with reference to such defendants that have been unable to furnish bail, whose cases are included among those to be set during any of said terms. This order is not changed except where a defendant especially moves for an earlier setting of his case in order to plead guilty. This is the only exception available. In view of such circumstances and with full knowledge of the facts which determine and constitute the activities of this court; and considering that in view thereof this case has not been delayed farther than any others in similar conditions, and as there is justifiable ground for such delay, the motion of the defendant for a dismissal of the case is denied and the case will be set in due course."

And, lastly, that the petitioner, who ever since the filing of the information had been ready for trial and had alleged his right to a speedy trial of his cause, moved this Supreme Court to intervene and to issue a peremptory writ of mandamus directed to the district court to dismiss the prosecution, on the ground that the facts alleged by him showed a

clear infringement of Section 448 of the Code of Criminal Procedure on the part of the district judge, who exceeded his jurisdiction in failing to comply with the legal provisions.

Thereupon this Court set January 10, 1938 for the respondent to appear and show cause why the writ should not issue.

On the day set there appeared the petitioner through his counsel and the Prosecuting Attorney of this Court, and it appearing that the respondent had not been served with copy of the petition, the hearing was continued to take place on the following Monday, January 17. Both parties moved that the case be set for the 24th, on which day they appeared, and the prosecutor in behalf of the respondent acquiesced to the issuance of the writ.

██ The law is clear and the jurisprudence is copious. See notes to Section 448 of the Code of Criminal Procedure (1935 ed.). Excess of work is not by itself sufficient ground for failing to comply with a legislative mandate. Measures may be adopted to show the readiness of the court to comply therewith and the material impossibility which afterwards prevented such compliance. Not 120, but 340 days had elapsed without the district court taking any action in regard to the trial of the cause pending before the same by reason of the information against the petitioner filed by the district attorney at the time the motion for a dismissal was presented; nor does it appear that after the dismissal of the case had been moved for and denied, the same was set for hearing, and this, as we know, happened in August, 1937. Everything tends to show a flagrant infringement of the constitutional rights of the defendant, regulated in their entirety by the statute. The mandamus issued by this court lies for the enforcement of said rights. *Dyer* v. *Rossy*, 23 P.R.R. 718.

The petition for a peremptory writ must be granted.

Mr. Justice Córdova Dávila took no part in the decision of this case.